# EXHIBIT A

Filing # 85473578 E-Filed 02/25/2019 07:04:11 PM

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.:

THOMAS D. PLEIS, III,

        Plaintiff,

vs.

SECURAMERICA, LLC,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, THOMAS D. PLEIS, III, ("Mr. Pleis"), by and through undersigned counsel, and hereby files this law suit through his Complaint against the Defendant, SECURAMERICA, LLC, ("SecurAmerica") and Mr. Pleis asserts as follows:

### NATURE OF CLAIM

1. This is an action for: (1) failure to pay overtime wages pursuant to 29 U.S.C. § 207 (overtime provision of the Federal Fair Labor Standards Act ("FLSA"), (2) unpaid wages pursuant to Florida common law; and (3) unjust enrichment pursuant to Florida law.

### JURISDICTION AND VENUE

2. Mr. Pleis' claims do not exceed the sum of fifteen thousand dollars ("$15,000.00") exclusive of interest, costs, and attorney's fees. Jurisdiction is proper in this court pursuant to Fla. Stat. § 26.02, 29 U.S.C. § 216(b)("An action to recover the liability [] may be maintained against any employer [] in any []State court of competent jurisdiction.

3. The venue of this Court over this controversy is proper inasmuch as the unlawful employment practices, detailed more fully below, occurred in Orange County, Florida.

## THE PARTIES

4. SecurAmerica provides contract security services throughout the United States.

5. SecurAmerica is a Foreign Limited Liability Company.

6. SecurAmerica maintains offices throughout the United States.

7. Mr. Pleis was employed by SecurAmerica at its office located at 6300 Hazeltine National Drive, Orlando, Florida 32822.

8. Mr. Pleis has been employed by SecurAmerica as a security officer at its Orlando, Florida location from approximately February 2016 to the present.

9. As a security officer, Mr. Pleis has been and continues to be paid an hourly rate.

10. Mr. Pleis was an employee of SecurAmerica within the meaning of the law and FLSA.

11. At all times relevant to his employment, Mr. Pleis, regularly used the instrumentalities of interstate commerce while performing his work. At all times relevant to his employment, Mr. Pleis, also regularly used the channels of commerce while performing his work.

12. SecurAmerica is an "employer" as defined by 29 U.S.C. § 203(d).

13. SecurAmerica has employees subject to the provisions of 29 U.S.C. § 207 at the location where Mr. Pleis was employed.

14. SecurAmerica has employed two or more persons, including Mr. Pleis "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

15. Mr. Pleis avers based on information and belief that at all times relevant to the violations of the FLSA, SecurAmerica is an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

16. Mr. Pleis has retained LaBar & Adams, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## FACTUAL ALLEGATIONS

17. Mr. Pleis has been employed by SecurAmerica as a security officer at its Orlando, Florida location from approximately February 2016 to the present.

18. SecurAmerica agreed to pay Mr. Pleis at the rate of $10.50 per hour from approximately February 2016 to October 3, 2016 and $12.00 per hour beginning October 4, 2016 to the present.

19. SecurAmerica also agreed to compensate Mr. Pleis time and one-half his regular hourly rate for work performed on holidays.

20. Mr. Pleis worked multiple hours in a workweek while employed by SecurAmerica without receiving his agreed upon hourly rate.

21. Mr. Pleis worked more than forty hours (40) in multiple workweeks while employed by SecurAmerica without receiving time-and-a-half of his hourly rate of pay.

22. SecurAmerica utilized work location sign-in sheets to assist in tracking employees' hours worked.

23. SecurAmerica would then utilize the work location sign-in sheets to input the hours worked by employees into its time keeping system to record employees' hours worked.

24. SecurAmerica's failure to properly document and record all hours worked by Mr. Pleis resulted in a violation of the FLSA when Mr. Pleis worked in excess of forty (40) hours in that workweek.

25. SecurAmerica's failure to properly document and record all hours worked by Mr. Pleis resulted in unpaid wages in weeks when Mr. Pleis did not work in excess of forty (40) hours in that workweek.

26. SecurAmerica had knowledge that Mr. Pleis was working overtime without proper compensation.

27. SecurAmerica failed to maintain and keep accurate time records as required by the FLSA. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

28. SecurAmerica failed to make a good faith effort to determine if Mr. Pleis was compensated appropriately pursuant to the FLSA.

29. SecurAmerica failed to post the required notice pursuant to the FLSA.

### COUNT I
### VIOLATION OF THE OVERTIME PROVISION OF THE
### FAIR LABOR STANDARDS ACT

30. Mr. Pleis re-alleges and incorporates herein the allegations contained in paragraphs 2-18, 20-24 and 26-29.

31. From approximately October 2016 to April 2018, SecurAmerica repeatedly and willfully violated the FLSA by failing to compensate Mr. Pleis at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

32. Specifically, Mr. Pleis worked numerous weeks in excess of forty (40) hours a week yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

33. As noted above, SecurAmerica failed to maintain and keep accurate time records as required by law.

34. SecurAmerica failed to post the required notice pursuant to the FLSA.

WHEREFORE, Mr. Pleis demands judgment against SecurAmeria for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT II
## BREACH OF CONTRACT- UNPAID WAGES

35. Mr. Pleis re-alleges and incorporates herein the allegations contained in paragraphs 2-10, 16-20, 22-23 and 25 above.

36. Mr. Pleis and SecurAmerica entered an agreement in which SecurAmerica agreed to pay Mr. Pleis his hourly wage for each and every hour that he worked.

37. SecurAmerica breached the agreement by failing to compensate Mr. Pleis for all his hours worked.

38. SecurAmerica breached the agreement by failing to compensate Mr. Pleis at the agreed upon hourly rate of pay for all hours worked.

39. As a result of SecurAmerica's breach of the parties' agreement, Mr. Pleis has been damaged.

WHEREFORE, Mr. Pleis demands judgment against SecurAmerica for the following:

(a) Lost wages, which resulted from SecurAmerica's breach of the agreement;

(b) Pre-judgment and post-judgment interest;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## COUNT III
## UNJUST ENRICHMENT

40. Mr. Pleis re-alleges and incorporates herein the allegations contained in paragraphs 2-10, 16-20, 22-23 and 25, above.

41. Mr. Pleis conferred a benefit upon SecurAmerica by providing it with labor.

42. SecurAmerica appreciated and benefited from Mr. Pleis' labor.

43. SecurAmerica accepted and retained the benefits of Mr. Pleis' labor without compensating him for his services.

44. It is inequitable for SecurAmerica to retain Mr. Pleis' wages for the labor he provided to SecurAmerica.

WHEREFORE, Mr. Pleis demands judgment against SecurAmerica for the following:

(a) Lost wages;

(b) Pre-judgment and post-judgment interest;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Pleis demands a jury trial on all issues contained herein.

*\*\*\* Signature line on following page \*\*\**

Dated: 2/25/19

Respectfully submitted,

_____
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)