UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:19-cv-00589-CEM-GJK

THOMAS D. PLEIS, III,

    Plaintiff,

vs.

SECURAMERICA, LLC,

    Defendant.
_____/

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant SECURAMERICA, LLC ("Defendant"), by and through the undersigned counsel, hereby files its Amended Answer to Plaintiff's Complaint and states as follows:

### NATURE OF CLAIM

1. Defendant admits that Plaintiff purports to bring this as an action for an alleged failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), and for an alleged failure to pay wages and alleged unjust enrichment pursuant to Florida common law. Defendant denies that it violated the FLSA, Florida common law, or any law, and Defendant further denies that Plaintiff is entitled to recover any damages or other relief.

### JURISDICTION AND VENUE

2. Defendant is without knowledge of information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the monetary value of his claims, and therefore, denies the allegations on this basis. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint, except Defendant admits that jurisdiction is proper in this District Court.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint, except Defendant admits that venue is proper in this District Court.

## THE PARTIES

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint, except Defendant admits that it provides contract security services in many locations in the United States.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint, except Defendant admits that it has offices in many locations in the United States.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except Defendant admits that it employed Plaintiff in the Orlando area and that it has an office located at 6300 Hazeltine National Drive, Orlando, Florida 32822.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except Defendant admits that it employed Plaintiff as a security officer in the Orlando area and that Plaintiff's employment with Defendant began in February 2016.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint, except Defendant admits that Plaintiff was paid an hourly rate as a security officer.

10. The allegations contained in Paragraph 10 of the Complaint are solely legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph, except Defendant admits that it employed Plaintiff.

11. The allegations contained in Paragraph 11 of the Complaint are solely legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph.

12. The allegations contained in Paragraph 12 of the Complaint are solely legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph, except Defendant admits that it employed Plaintiff.

13. The allegations contained in Paragraph 13 of the Complaint are solely legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph, except Defendant admits that it has employees in the Orlando area.

14. Defendant admits that it has more than two employees. The remaining allegations contained in Paragraph 14 of the Complaint are solely legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained in this Paragraph.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff purports to have retained LaBar & Adams, P.A. to represent him in this matter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint, and therefore denies the remaining allegations on this basis.

## FACTUAL ALLEGATIONS

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint, except Defendant admits that it employed Plaintiff as a security officer in the Orlando area and that Plaintiff's employment with Defendant began in February 2016.

3

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint, except Defendant admits that Plaintiff's hourly rate was $10.50 per hour from approximately February 2016 to approximately October 2016 and that his hourly rate has been $12 per hour since October 2016.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint, except Defendant admits that sign-in sheets are used at many job sites to assist in tracking the hours worked by employees.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, except Defendant admits that, if sign-in sheets are used at a job site, then they are utilized for payroll purposes.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

30. Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 29 as if stated herein in full.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count I of the Complaint, including all sub-parts.

## COUNT II
## BREACH OF CONTRACT – UNPAID WAGES

35. Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 29 as if stated herein in full.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint, except Defendant admits that it paid Plaintiff his hourly wage for each and every hour that he worked.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count II of the Complaint, including all sub-parts.

## COUNT III
## UNJUST ENRICHMENT

40. Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 29 as if stated herein in full.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

5

Defendant denies that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count III of the Complaint, including all sub-parts.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff demands a jury on all issues contained in his Complaint.

## STATEMENT OF DEFENSES

As separate defenses and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

1. Plaintiff's claim for liquidated damages under the FLSA is barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Specifically, during the time of Plaintiff's employment, Defendant made efforts to ascertain whether it was in compliance with the FLSA and took steps to ensure that it was in compliance with the FLSA as well. Defendant's policies, procedures, and practices prohibit off-the-clock work and Defendant's policies, procedures, and practices are intended to ensure that employees are paid for all time that they work. Defendant is not aware of any instance in which it failed to pay Plaintiff compensation for work that he actually performed for Defendant.

2. Plaintiff's FLSA claim is barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities. Plaintiff claims that he is owed compensation for certain additional time that he worked, and some of that time is a small amount in addition to what he was already paid for particular days. To the extent that

Plaintiff seeks payment for activities that were not integral to his principal activities then such activities are not compensable.

3. Plaintiff's FLSA claim is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable. Plaintiff claims that he is owed compensation for certain additional time that he worked, and some of that time is a small amount in addition to what he was already paid for particular days. To the extent that Plaintiff seeks compensation for activities that concern only a few seconds or minutes of work beyond working hours that he recorded, such activities may not be compensable.

4. In calculating overtime liability (if any), Defendant is entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendant, or additional payments made to Plaintiff for work performed.

5. Plaintiff's FLSA claim is barred, in whole or in part, by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that he misrepresented, fabricated, falsely reported, or purposely concealed true his hours worked material to the analysis of whether Defendant encouraged him to misrepresent, fabricate, falsely report, or purposely conceal his true hours worked and no evidence that Defendant knew or should have known that he was misrepresenting, fabricating, falsely reporting, or purposely concealing his hours worked. Plaintiff claims that he is owed compensation for certain additional time that he worked, but the facts provided by Plaintiff regarding what days, what times, and how much he claims to be owed, have changed multiple times. Additionally, Plaintiff was required to record all hours that he worked on timesheets at each worksite, and yet the timesheets from the days/times at issue do not support Plaintiff's claims.

6.  Plaintiff's breach of agreement claim and his unjust enrichment claim are preempted, to the extent that he seeks to recover minimum wage and/or overtime compensation in either of those claims.

**WHEREFORE** Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) grant such other and further relief as the Court deems just and proper.

DATED this 26th day of April 2019.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By: */s/ Aaron Reed*
Aaron Reed
Florida Bar No. 0557153
E-mail: *areed@littler.com*
Samantha Dunton-Gallagher
Florida Bar No. 105100
E-mail: *sdunton@littler.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of April 2019,  a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

*/s/ Aaron Reed*
Aaron Reed

## SERVICE LIST

**Counsel for Plaintiff**
N. Ryan Labar
E-mail: *rlabar@labaradams.com*
Scott C. Adams
E-mail: *sadams@labaradams.com*
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
Tel: (407) 835-8968
Fax: (407) 835-8969
***Served via CM/ECF and E-mail***

FIRMWIDE:163950570.3 068090.1113